FILED

NOT FOR PUBLICATION

NOV 30 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA CORALIA BARRERA CORTEZ, AKA Maria Cortez, Maria Coralia Cortez,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 08-74032<br><br>Agency No. A094-447-907<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009 [**]

Before: ALARCÓN, TROTT, AND TASHIMA, Circuit Judges.

Maria Barrera Cortez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' decision affirming the immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jlf/Inventory

judge's denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we deny the petition for review.

The record does not compel reversal of the IJ's conclusion that petitioner failed to establish that the harm she suffered at the hands of gang members in El Salvador was on account of a protected ground. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 858-62 (9th Cir. 2009) (concluding that resistance to gang activity is not a particular social group for the purpose of establishing nexus to a protected ground); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). Accordingly, petitioner's asylum, withholding of removal, and CAT claims fail.

We lack jurisdiction to review petitioner's due process contention, regarding the IJ's acceptance of petitioner's proffered asylum statement in lieu of direct testimony, because she did not exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**